UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH RICCI,

        Plaintiff,

  v.

JAMES SCALLY, et al.,

        Defendants.

Case No.: 2:23-cv-02089-RFB-BNW

**ORDER**

      Plaintiff Joseph Ricci brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations he allegedly suffered while incarcerated at High Desert State Prison. ECF No. 13 at 1. Plaintiff paid the full filing fee in this matter. ECF No. 15. The Court entered a screening order on October 21, 2024, allowing a claim to proceed and imposing a 90-day stay, and it entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. ECF Nos. 12, 16. The parties did not settle at the mediation conference. ECF No. 17.

      **IT IS THEREFORE ORDERED** that:

      1.    The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 13) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

      2.    Service must be perfected within 90 days from the entry date of this order under Federal Rule of Civil Procedure 4(m).

      3.    Subject to the findings of the screening order (ECF No. 12), **within 21 days** of the entry date of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of (a) the names of the defendants for whom it accepts service, (b) the names of the defendants for whom it does <u>not</u> accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, **under seal**, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has

such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

4. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name **and** address for the defendant(s).

5. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint within **60 days** from the entry date of this order.

6. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for the Court's consideration. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or fails to include a certificate showing proper service when required.

7. This case is no longer stayed.

DATED: January 21, 2025

                                                            UNITED STATES MAGISTRATE JUDGE