UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Joseph Ricci, | Case No. 2:23-cv-02089-RFB-BNW |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| James Scully, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to extend the deadline to amend his complaint and substitute the names of certain Doe Defendants. ECF No. 27. Defendants opposed and Plaintiff replied. ECF Nos. 31, 33. For the reasons stated below, Plaintiff's motion is granted.

**I.    Arguments**

Plaintiff moves to extend the deadline by which to amend his pleadings by 120 days in order to properly substitute the names of the Doe Defendants. In essence, he argues that by the time the deadline approached, May 26, 2025, he still did not have the needed information. He also asserts he will propound discovery on Defendants to get the needed information.

Defendants oppose and argue that while Plaintiff has argued good cause, he has not shown excusable neglect. They also argue Plaintiff was released from prison in August 2024 and has not explained why he has not yet undertaken any discovery on this matter. Lastly, they contend the requested extension—120 days—is too lengthy.

Plaintiff replies that he was not too stable upon the release from prison and that he was not able to update an address until June 2, 2025. He also explains there is no prejudice as there are no new claims and that he filed the request merely weeks after the deadline expired.

**II.   Analysis**

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the

1  movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989
2  (9th Cir. 2017).

3        Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and
4  scheduling orders may be modified for good cause, provided that a motion to extend is made "no
5  later than 21 days before the expiration of the subject deadline." *See also* LR IA 6-1. "Good
6  cause" is a non-rigorous standard that has been construed broadly across procedural and statutory
7  contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests
8  for extensions of time made before the applicable deadline has passed should "normally. . . be
9  granted in the absence of bad faith on the part of the party seeking relief or prejudice to the
10 adverse party." *Id*. (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and
11 Procedure § 1165 (3d ed. 2004)).

12       Moreover, pursuant to Local Rule 26-3, any request made after this 21-day period will
13 only be granted if "the movant also demonstrates that the failure to act was the result of excusable
14 neglect." "To determine whether a party's failure to meet a deadline constitutes 'excusable
15 neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to
16 the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the
17 reason for the delay; and (4) whether the movant acted in good faith."*Ahanchian*, 624 F.3d at
18 1261. Importantly, Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing
19 that cases are tried on their merits." *Id*. at 1258–59.

20       The Court finds Plaintiff has met the excusable neglect standard. Plaintiff explains he did
21 not have a stable address preventing him from filing the request before the deadline. An extension
22 of the deadline will not prejudice Defendants as Plaintiff is not including new claims. In addition,
23 there has not been an enormous amount of delay: the deadline to amend was May 26, 2025 and
24 Plaintiff filed the request on June 12, 2025. Moreover, the new deadline that will be imposed to
25 amend his pleadings—September 2, 2025—will not impact the length of the proceedings in any
26 significant way. Lastly, there is no reason for this Court to find bad faith.

27

28

Given the above, the Court also finds Plaintiff was diligent and that he has shown good cause. But given Plaintiff has presumably propounded discovery on Defendants to obtain the needed information, this Court will only extend the deadline by 60 days.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend deadlines at ECF No. 27 is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff has until **September 2, 2025** to amend his pleadings.

DATED this 2nd day of July 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE