**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Joseph Ricci, | Case No. 2:23-cv-02089-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Jamie Cabrera, et al., | |
| Defendant. | |

Before this Court is Plaintiff's Motion to Compel. ECF Nos. 95. Defendants opposed. ECF No. 101. Plaintiff did not reply. The parties are familiar with the facts of the case and the arguments presented. As a result, this Court only incorporates them as relevant and needed to this order.

### I.    Procedural Background

On December 19, 2026, Plaintiff propounded discovery requests on Dr. Castellan and Technician Rowe. Defendants responded on January 16, 2026. Unsatisfied with those responses, on January 30, 2026, Plaintiff filed a motion to compel. ECF No. 75. This Court denied that motion as Plaintiff had not met and conferred, as required by the local rules. ECF No. 93. Despite denying the motion on that basis, this Court noted that many of the responses provided by Defendants were responsive to the requests.[1]

The instant motion to compel, filed February 26, 2026, appears to seek information Plaintiff previously deemed deficient when filing the January 30, 2026, motion to compel. Discovery closed on January 20, 2026. ECF No. 56.

---

[1] This Court noted that interrogatory responses (1) need not include documents and (2) were otherwise adequate. In addition, this Court noted that RFP No. 1 only requested documents in relation to training on dental policies, including MD 408, and that the response included such documents. ECF No. 83-5. This Court notes that there was confusion over two of Plaintiff's Requests for production as Plaintiff had not identified the recipient or otherwise made clear which ones he was referring to.

**II.    Analysis**

**A.  Plaintiff's motion was filed after the close of discovery**

"Although the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery," motions to compel filed after the close of discovery generally are deemed untimely." *Green Aire for Air Conditioning W.L.L. v. Salem*, No. 1:18-cv-00873-LJO-SKO, 2020 U.S. Dist. LEXIS 1568, 2020 WL 58279, at *2 (E.D. Cal. Jan. 6, 2020) (quoting *Thomason v. City of Fowler*, No. 1:13-CV-00336-AWI-BAM, 2014 U.S. Dist. LEXIS 126135, 2014 WL 4436385, at *4 (E.D. Cal. Sept. 9, 2014) (citing cases)).  District courts "within the Ninth Circuit have regularly denied motions to compel when those motions were filed after the close of discovery." *Peck v. Cincinnati Ins. Co.*, No. 1:14-CV-00500-BLW, 2016 U.S. Dist. LEXIS 192932, 2016 WL 9308018, at *2 (D. Idaho May 3, 2016) (citing *Kizzee v. Walmart, Inc.*, No. CV 10-0802-PHX-DGC, 2011 U.S. Dist. LEXIS 90898, 2011 WL 3566881 (D. Ariz. Aug. 15, 2011) (denying motion to compel filed three months after the close of discovery and after motions for summary judgment had been filed); *see also Christmas v. MERS*, No. 2:09-cv-01389-RLH-GWF, 2010 U.S. Dist. LEXIS 79137, 2010 WL 2695662 (D. Nev. July 2, 2010) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely)).

When faced with a motion to compel that is filed after the close of discovery, courts consider a number of factors in deciding whether the motion should nevertheless be considered:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [6] the age of the case, [7] any prejudice to the party from whom late discovery was sought, and [8] disruption of the court's schedule.

*Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (collecting cases looking to discovery deadline date to determine whether a motion to compel is timely filed); *see also Rogers v. Brauer Law Offices, PLC*, CV-10-1693-PHX-LOA, 2011 U.S. Dist. LEXIS 93905, 2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011) (collecting Ninth Circuit cases where courts have denied discovery motions filed after the discovery deadline).

As mentioned above, discovery closed on January 20, 2026.[2] Plaintiff's motion was filed approximately one month later. Plaintiff has known about the deficiencies since January 17, 2026 (when he emailed counsel for Defendants (ECF No. 101-1)). In turn, he filed the January 30, 2026, motion to compel. ECF No. 75. This Court ruled on that motion on February 20, 2026. ECF No. 93. Plaintiff filed this motion six days later. Thus, as to the first and second factors, Plaintiff was diligent in filing the instant motion. As to the third factor, discovery has been continued previously (once, over Plaintiff's objection). Moving on to the fourth factor, Plaintiff does not provide an explanation for the delay but, as stated earlier, the record shows diligence on his part. As to the sixth factor, summary judgement motions were filed by both parties (ECF Nos. 86 and 92) and the case is rather old. Addressing a discovery motion and possibly compelling discovery may disrupt the Court's schedule, particularly if it affects the pending dispositive motions. Lastly, it is not clear whether or how Defendants might be impacted. This is because (1) it is not clear whether the requested information exists and (2) if it exists, whether it will impact the posture of this case in any way. On balance, this Court finds it appropriate to address this motion considering how quickly Plaintiff sought relief and what appears to be a discrete number of disputes.

### B. LR 26-6

This Court's local rules require that "[a]ll motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it. LR 26-6(b). Plaintiff was previously advised of this. ECF No. 65. Yet, the instant motion does not address which interrogatories/requests for production are at play. As a result, this Court cannot

---

[2] Of note, Defendants represent (and Plaintiff did not contest) that they offered to extend the discovery deadlines to continue discussing issues related to the discovery requests at issue, but Plaintiff refused.

look at the language of the requests or see if objections were lodged (or whether the objections are proper or not). Thus, this Court cannot rule on this motion.

### C.  One last chance to file motion to compel

This Court will give Plaintiff one last opportunity to file a motion to compel. Such motion must (1) be filed no later than April 16, 2026, (2) set forth the text of the discovery originally sought and any response to it (it must also note whether it relates to Dr. Castellan or Technician Rowe), (3) not repeat the arguments this Court addressed in its order at ECF No. 93 and in footnote 1 above, and (4) limit itself to the categories of information present in this motion (dental progress notes, dental scheduling logs, internal grievance routing and staff actions, dental kites, dental imaging/X-rays, and internal communications (emails, memos). Should Plaintiff's motion not comply with these instructions it will be denied.

### III.    Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (ECF No. 95) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until April 16, 2026, to renew his motion subject to the requirements set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Cours shall mail Plaintiff ECF No. 93.

**IT IS FURTHER ORDERED** that the hearing set for April 7, 2026, is **VACATED.**

DATED: April 2, 2026

_____
BRENDA WEKSLER.
UNITED STATES MAGISTRATE JUDGE